**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAVIER ARMANDO MONGE-RIOS,

    Applicant,

v.                                                                             No. CV 11-590 WJ/CG

LEE VAUGHN,

    Respondent.

## **PROPOSED ORDER AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Javier Armando Monge-Rios' *Actual Innocence Claim Pursuant to the Writ of Habeas Corpus*, (Doc. 1), Respondent's *Response to Petition*, (Doc. 7), and Petitioner's *Notice of Motion for Expedited Review/Judgment on the Pleadings, due to an Innocent Inmate/Prisoner Being Unlawfully Incarcerated, as Presented as Claime* [sic] *in CV/11-590 WJ/CG*, (Doc. 9). Petitioner seeks to vacate his conviction for failure to appear before a court as required by the conditions of release under 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(i). (Doc. 1 at 1-3). The United States does not oppose the petition and asks that this Court grant the writ and vacate Petitioner's conviction "in the interests of justice." (Doc. 1 at 1, 3). While the Court is sympathetic to Petitioner's claim of actual innocence, the Court finds that it is legally incapable of granting the relief requested in the petition. For the reasons outlined in the opinion below, the Court **RECOMMENDS** that the petition be transferred to the United States District Court for the District of Arizona.

    **I.**     **Background**

Petitioner was arrested in Arizona by U.S. Border Patrol agents on March 17, 1991, for illegal entry into the United States and possession of marijuana. (Doc. 7 at 1; CR 91-

0178 JMR/HCE, Doc. 1). In April of 1991, Petitioner was indicted in the United States District Court for the District of Arizona on one count of possession with intent to distribute 50 to 100 kilograms of marijuana in violation to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of conspiracy to commit the same in cause number CR 91-0178. (Doc. 7 at 1; CR 91-0178 JMR/HCE). Petitioner posted bond in May of 1991, but he was immediately released into the custody of the Immigration and Naturalization Service ("INS") and was subsequently deported to Mexico several days later. (Doc. 7 at 1-2; Doc. 7-1 at 1). Because Petitioner was deported to Mexico, he failed to appear for a motion hearing before the District Court on June 10, 1991. (Doc. 7 at 2; CR 91-0178 JMR/HCE, Doc. 26). Petitioner's bond was forfeited and a bench warrant was issued for his arrest. (*Id.*).

On March 12, 2007, Petitioner was arrested in Nogales, Arizona. (Doc. 7 at 2; CR 91-0178 JMR/HCE, Doc. 35). In August of 2007, a grand jury indicted Petitioner for failing to appear at his court hearing on June 10, 1991, in violation of 18 U.S.C. § 3146. (Doc. 7-2 at 1-2). The United States proceeded in CR 91-0178. Petitioner ultimately went to trial in that case and was convicted on all counts in December of 2007. (Doc. 7 at 2; CR 91-0178 JMR/HCE, Doc. 86 at 1). Following the drug conviction, Petitioner entered into a plea agreement with the United States with regard to his failure-to-appear charge. On February 4, 2008, Petitioner pled guilty to the single count of failure to appear and, in return, the United States stipulated that Petitioner would receive a ten month prison sentence to run consecutively to any sentence imposed in CR. 91-0178. (Doc. 7 at 2; Doc. 7-3 at 1-6). Petitioner's defense attorney affirmed in the plea agreement that pleading guilty was in Petitioner's best interests. (Doc. 7-3 at 6). Petitioner now claims that he was forced to plead guilty. (*See* Doc. 1 at 3 (stating that he pled guilty while "under duress"); Doc. 9 at 2 (stating

that he "was unlawfully coerced" into pleading guilty.)).

Petitioner was sentenced in both criminal cases on August 28, 2008, and the judgment was filed on September 8, 2008. (CR 91-0178 Doc. 85; Doc. 86; CR 07-1053 Doc. 37; Doc. 38). Petitioner received two concurrent sixty-three month sentences in CR 91-0178 and, as per the terms of the plea agreement, an additional consecutive ten month sentence in CR. 07-1503. (CR 91-0178 JMR/HCE, Doc. 86 at 1-2; (Doc. 7-4 at 1). Petitioner was also sentenced to thirty-six months of supervised release in both cases, to be served concurrently. (*Id.* at 2). Petitioner then appealed his conviction in CR 91-0178 to the Ninth Circuit, where his sole argument was that the District Court was wrong to deny his motion for a competency hearing. (CR 91-0178 JMR/HCE, Doc. 102-1 at 1-2). The appeal was denied. (*Id.* at 2-5). Petitioner did not appeal his failure-to-appear conviction until filing the instant habeas petition.

## II.  **Standards of Review**

A petition under 28 U.S.C. § 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Because Petitioner is proceeding *pro se*, the Court will liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519 (1972). This broad reading of a *pro se* litigant's pleadings does not, however, relieve him of the burden of alleging sufficient facts upon which a legal claim may be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

## III. Analysis

### a. The Petition Is Not Cognizable Under 28 U.S.C. § 2241

The first issue presented by the petition, and one that is crucial to the proper adjudication of the petition, concerns the relevant statute under which it is brought. A federal defendant seeking to collaterally attack his sentence generally may do so by filing a habeas petition under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241. The two statutes play different roles and provide different forms of relief in the context of habeas litigation. A defendant seeking to attack the validity of his conviction must file a habeas petition under 28 U.S.C. § 2255. *See, e.g. Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28 U.S.C. § 2255 petition attacks the legality of detention . . ."). Section 2255 is the exclusive remedy for a federal prisoner seeking to attack the validity of his conviction. *Id.* Conversely, a petition under 28 U.S.C. § 2241 attacks only the execution of a sentence and not the validity of the sentence itself. *Id.* The distinction is material in this case because a § 2255 motion must be filed in the district that imposed the sentence. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."). By contrast, a § 2241 petition must be filed in the district where the petitioner is confined. *Bradshaw*, 86 F.3d at 166 (citing *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986).

In the "Jurisdiction" heading of his petition, Mr. Monge-Rios states that he is bringing his petition pursuant to 28 U.S.C. § 2241. (Doc. 1 at 2). However, as noted above, a § 2241 petition is not the appropriate vehicle for attacking an underlying criminal conviction.

Petitioner is clearly attempting to challenge the validity of his conviction through a claim of actual innocence. (Doc. 1 at 4-8). He claims that he was unable to appear for the June 10 hearing because he had been deported to Mexico and he was refused reentry into the United States, even for the limited purpose of appearing at his court date. (*Id.* at 7 ("Petitioner did everything that was within his power to show up for the continuance of his judicial proceedings. Petitioner went to the port of entry authorities in Nogales, Arizona, requesting permission to return to the United States as it was ordered in his release condition. He was den[ied] entry . . .")). He argues that, to be convicted of failing to appear pursuant to 18 U.S.C. § 3146, the government must prove that the defendant *willfully* failed to appear. (*Id.* (citing *United States v. Smeaton*, 762 F.2d 796, 797-98 (9th Cir. 1985)). Because he was prevented from returning to court, he contends that he is factually innocent of that particular crime. As relief, Petitioner seeks to have the Court vacate his conviction and order him to be released. (*Id.* at 8).

While the Court is sympathetic to Petitioner's argument, the Court does not have jurisdiction to provide the relief that petitioner seeks. As noted above, a petition attacking the validity of a criminal conviction must be brought under 28 U.S.C. § 2255 and must be brought in the district where the sentence was imposed which, in this case, is the United States District Court for the District of Arizona.

### b. Petitioner Has Not Shown That The § 2255 Remedy is Inadequate or Ineffective

Petitioner is apparently aware that he has filed the instant petition under the wrong statute and he claims that he did not file under § 2255 because the remedy available under that statute is ineffective. (*Id.* at 3-4). Petitioner's argument is somewhat confusing, but he

appears to claim that his two criminal cases - CR 91-0178 and CR 07-1503 - were consolidated and that, because he is still pursuing a direct appeal of his CR 91-0178 conviction, he is barred from pursuing a § 2255 petition. (*Id.* at 4 ("Because the sentences were consolidated on all charges, and the conviction[s] were dictated on same date Petitioner cannot use 28 U.S.C. § 2255, since he is still on direct review with the Ninth Circuit . . .")). The Court is not persuaded.

The Tenth Circuit has held that a petitioner may collaterally attack the validity of his conviction under § 2241 if the petitioner can show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Bradshaw*, 86 F.3d at 166. However, "[c]ourts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, § 2255 has been found inadequate where the sentencing court had been abolished, where the sentencing court simply refused to consider the § 2255 petition, and where defendant was sentenced by three separate courts, none of which could grant competent relief. *Id.* (collecting cases). Notwithstanding these rare exceptions, "failure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw*, 86 F.3d at 166 (citation omitted). The fact that the substantive or procedural barriers under § 2255 may prevent Petitioner from obtaining relief does not render the remedy inadequate or ineffective. *See, e.g.*, *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000).

In this case, the factual predicate for Petitioner's argument is incorrect. There is no indication that Petitioner's two criminal cases were ever consolidated. A review of the dockets for both criminal cases in the PACER federal court system does not reflect any

6

joinder of the two cases. While it is true that Petitioner was sentenced in both cases on the same day, that does not mean that the two cases were joined or consolidated. Additionally, it does not appear that he has any appeal currently pending before the Ninth Circuit. Petitioner appealed his conviction in CR 91-0178 in September of 2008 on the grounds that his motion for a competency hearing should have been granted. (CR 91-0178 JMR/HCE, Doc. 87). The Ninth Circuit rejected the appeal in August of 2009. (CR 91-0178 JMR/HCE, Doc. 102). A review of the PACER system does not show any active cases for Mr. Monge-Rios before the Ninth Circuit. Therefore, the Court finds that Petitioner has presented no valid reason why the remedy available under § 2255 is not adequate or effective.

      **c.**      **The Petition Should Be Transferred In The Interests of Justice**

Having found that the petition was filed in the wrong district and under the wrong statute, the question then becomes whether the Court should dismiss the petition without prejudice or whether it should be transferred to the United States District Court for the District of Arizona. Pursuant to 18 U.S.C. § 1631, if a civil action is filed in a forum that lacks jurisdiction over the matter, "the court shall, if it is in the interests of justice, transfer such action or appeal to any other such court in which the action of appeal could have been brought at the time it was filed . . ." 18 U.S.C. § 1631. The Tenth Circuit has listed several factors to consider in deciding whether to dismiss or transfer an improperly filed action. Such factors include whether the new action would be time-barred, whether the claims are likely to have merit, and whether the original action was filed in good faith rather than "filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210 n. 16 (10th Cir. 2006) (collecting cases) (internal citations omitted).

In this case, the Court finds that the petition does have merit. Petitioner makes a strong argument that he should not have been convicted of failing to appear in 1991 because he was prevented from doing so, thereby negating the necessary *mens rea* to sustain the charge. The United States Attorney's Office in the District of New Mexico recommended that the Court vacate the conviction in the interests of justice, providing further support to the Court's finding that the petition has merit. (Doc. 7 at 1, 3).

With regard to the timeliness factor, there is no doubt that a new action in the District of Arizona would be time-barred because the instant petition itself is time-barred. The timing requirements for submitting a habeas petition under 28 U.S.C. § 2255 are straightforward - a petition must be filed within one year of the conviction become final. 28 U.S.C. § 2255(f)(1).[1] When no direct appeal is filed, a judgment becomes final when the time for direct appeal has expired. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (2006) (citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005)). Criminal defendants have fourteen days following the entry of judgment to file a direct appeal. *See* FED. R. APP. P. 4(b)(1)(A)(I). Because the judgment was entered on September 8, 2008, the statute of limitations in Petitioner's case began to run on September 23, 2008. Therefore, the petition was due no later than September 23, 2009. The instant petition, which was filed in July of 2011, is clearly untimely.

Notwithstanding the timeliness issue in this case, the Court must look to the equities of the case to determine whether transfer or dismissal is appropriate. *Coleman v. United*

---

[1] Section 2255(f) presents three other potential accrual dates for calculating the limitations period, but those provisions do not appear to be applicable to this case. *See* 28 U.S.C. § 2255(f)(2)-(4).

*States*, 106 F.3d 339, 341 (10th Cir. 1997) (in construing § 1631, the Tenth Circuit noted that "[t]he legislative history of [the statute] indicates that 'Congress contemplated that the provision would aid litigants who were confused about the proper forum for review.' In determining whether a transfer is in the interests of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed . . .") (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). While it does appear that the petition is untimely, timeliness is an affirmative defense that may be waived by the United States. *See, e.g.*, *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (recognizing that timeliness issues with regard to § 2255 petitions may be waived by the government) (collecting cases). Considering that the petition has merit and that the United States Attorney's Office decided to waive the timeliness issue and support the petition, the Court finds that the equities of the case warrant transfer to the proper district, rather than dismissal.

Finally, the last factor identified in *Trujillo* is whether the original action was filed in good faith rather than "filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at n.16. While Petitioner may have realized that he was filing his petition under an improper statute, that is not to say that the petition was filed in bad faith or that Petitioner knew he was filing in the wrong district. Petitioner is a pro se litigant without any formal legal training and he filed his petition in the district where he is incarcerated. Petitioner's attempt at explaining his reasons for filing under § 2241 indicate that he has only a limited understanding of habeas litigation - an admittedly complex area of law. It is not clear that Petitioner knew that a proper § 2255 motion should be filed in the district where he was sentenced, and not the

district where he was incarcerated. Furthermore, there is no indication in the record that Petitioner has made any improper or abusive filings, such as filing successive petitions. *Coleman*, 106 F.3d at 341. Therefore, upon a review of the equities of this case, the Court finds that they favor transfer of the petition.

### IV. <u>Recommendation</u>

For the reasons set forth in the opinion, the Court **RECOMMENDS** that the Clerk of the Court transfer Mr. Monge-Rios' *Actual Innocence Claim Pursuant to the Writ of Habeas Corpus*, (Doc. 1), to the United States District Court for the District of Arizona. The Court further **RECOMMENDS** that Petitioner's *Notice of Motion for Expedited Review/Judgment on the Pleadings, due to an Innocent Inmate/Prisoner Being Unlawfully Incarcerated, as Presented as Claime* [sic] *in CV/11-590 WJ/CG*, (Doc. 9), be **DENIED AS MOOT**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE