IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV 11-818-TUC-JGZ (HCE) |
| Plaintiff/Respondent, | ) | |
| vs. | ) | **REPORT & RECOMMENDATION** |
| Javier Monge-Rios, | ) | |
| Defendant/Movant. | ) | |

While confined in the Federal Correctional Institution in Milan, New Mexico, Movant filed a *pro se* Amended Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §2255 and accompanying Memorandum. (Docs. 18, 19). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report and Recommendation. (Doc. 20). For the following reasons, the Magistrate Judge recommends that this matter be dismissed without prejudice.

A. RETURNED MAIL

On February 10, 2012, the Court entered an Order, *inter alia,* advising Movant that he "must file and serve a notice of a change of address in accordance with Rule 83.3(d)[1] of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this § 2255 action." (Doc. 17, p.5). On May 2, 2012, the Court once again advised Movant that he must file and serve a notice of change of address in accordance with LRCiv 83.3(d) and that failure to comply may result in dismissal of this action. (Doc. 20, p. 3). The Court also advised that: "If Movant fails to timely comply with every provision of this Order, including these warnings,[2] the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court)." (*Id.*; *see also* (Doc. 17, p.5) (including same warning)).

Movant's address of record is at the Cibola County Correctional Center in Milan, New Mexico. On July 13, 2012, the Clerk of Court mailed a court document to Movant's address of record. (*See* Docs. 23, 24 and July 13, 2012 docket entry). On July 23, 2012, the mail containing Doc. 23 was returned to the Clerk's Office with the following notations: "NO LONGER AT CIBOLA COUNTY CORRECTIONS CENTER" and "Unclaimed/Not in custody." (Doc. 24).

This Court has accessed the Federal Bureau of Prison's online Inmate Database[3], and

---

[1] Under LRCiv 83.3(d), an "unrepresented party must file a notice of a name or address change...." LRCiv 83.3(d), Rules of Practice of the U.S. District Court for the District of Arizona. In the case of an incarcerated party who is unrepresented, like Movant, the notice must be submitted seven days after the effective date of the change. *Id.*

[2] Among the "warnings" is the provision that Movant notify the Court of an address change. (Doc. 20, p.3; *see also* Doc. 17, p.5).

[3] Federal Bureau of Prison's Inmate Locator,
   http://www.bop.gov/iloc2/LocateInmate.jsp.

confirmed that Movant was released on June 20, 2012.

Movant has not filed a Notice of Change of Address nor has Movant filed any other document notifying the Court of his whereabouts and/or that he intends to continue with this action. Movant has filed no documents in this action since May 18, 2012.

B.     FAILURE TO PROSECUTE

Movant has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a Movant who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Movant. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Movant's failure to keep the Court informed of his new address constitutes failure to prosecute and failure to comply with the Court's orders and rules.

Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed for "fail[ure] to prosecute or to comply with these rules or court order...." The U.S. Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*"); *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (same). Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Movant's failure to prosecute warrants dismissal of his case, the Court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5)

- 3 -

the availability of less drastic sanctions. *Carey*, 856 F.2d at 1440. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Movant's failure to keep the Court informed of his address supports the conclusion that he has abandoned this action upon his release from prison. Movant's failure to actively participate in this case prevents the case from proceeding in the foreseeable future. More than one month has passed since Movant was released from custody and he has not notified the Court of his new address. On these facts, further delay to the Court or to Respondents is not warranted. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Movant has received adequate warning of the potential for dismissal if he failed to keep the Court apprised of his address. Additionally, without Movant's current address, certain alternatives are bound to be futile. In the instant case, as in *Carey*, "[a]n order to show cause why dismissal... [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey,* 856 F.2d at 1441.

Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits unless the court states otherwise in its order for dismissal. Fed.R.Civ.P. 41(b). In the instant case, a dismissal with prejudice would be unnecessarily harsh given that this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See United States v. Payan,* 2010 WL 960999 (D.Ariz. Mar. 15, 2010) (dismissing without prejudice section 2255 action for failure to prosecute where movant failed to keep court apprised of his current address); *United States v. Guzman-Herrera,* 2008 WL 1990855 (D.Ariz. May 8, 2008) (same); *Tellez v. United States,* 2005 WL 2263602 (S.D. Tex. Sept. 1, 2005) (same).

C.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court

1 dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
2 Procedure for failure to prosecute.

3     Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil
4 Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of
5 Arizona, any party may serve and file written objections within fourteen (14) days after being
6 served with a copy of this Report and Recommendation. A party may respond to another
7 party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P.
8 72(b)(2). If objections are filed, the parties should use the following case number: **CV 11-**
9 **818-TUC-JGZ.**

10     Failure to file timely objections to any factual or legal determination of the Magistrate
11 Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*
12 *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S.
13 900 (2003).

14     DATED this 30th day of July, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge

- 5 -